# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED WATERPROOFING TECHNOLOGY, INC., a California Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN SAFETY INDEMNITY COMPANY,<br><br>    Defendant. | CASE NO. 09-CV-1040-IEG (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND DENYING AS MOOT DEFENDANT'S MOTION TO STAY** |

Presently before the Court is Defendant's motion to dismiss the complaint or alternatively to stay the case. (Doc. No. 4). For the reasons set forth herein, Defendant's motion to dismiss is GRANTED and the alternative motion to stay is DENIED as moot.

## **BACKGROUND**

I.    The Parties

Applied Waterproofing Technology, Inc. ("AWT"), a California corporation, is a water-proofing contractor with its principal place of business in California. American Safety Indemnity Co. ("ASI"), an Oklahoma corporation, maintains its principal place of business in Georgia.

II.    Factual Background

    A.    The Insurance Contracts

Beginning in December 2007, Defendant ASI issued two commercial general liability insurance policies to Plaintiff AWT. The first contained a policy period of December 7, 2007

through December 7, 2008, and the second contained a policy period of December 7, 2008 to December 7, 2009.  The insurance contract includes an endorsement which clearly states across the top "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY."  The endorsement goes on to state:

> In consideration of the payment of premium, it is hereby agreed that the following changes are incorporated into the policy.
>
> Section IV–COMMERCIAL GENERAL LIABILITY CONDITIONS is amended to include the following:
>
> Choice of Law.
> This policy and all additions to, endorsements to, or modifications of the policy shall be interpreted under the laws of the State of Georgia.
>
> Consent to Jurisdiction.
> By accepting this policy or by presenting a claim which an insured contends is or may be covered under this policy, the Named Insured and any other insured submits themselves to the jurisdiction of the Superior Court of Cobb County, Georgia and agrees that such court shall have jurisdiction and venue for purposes determining all rights and obligations under this agreement.
>
> Any insured expressly consents to the jurisdiction and venue of the Superior Court of Cobb County Georgia for any "suit" brought to interpret or enforce the provisions of this agreement.  By contending that there is or may be coverage under this policy, each insured agrees to accept service of process by any legally recognized method available under Georgia law.

[Appendix of Exhibits in Support of Motion, Exhibit A, p. 75.]

### B. The Maya Litigation

On November 17, 2008, medical center employee Susie Maya allegedly suffered respiratory damage after inhaling a chemical Plaintiff applied while conducting waterproofing work at Ms. Maya's place of employment.  Approximately two months later Plaintiff AWT notified Defendant ASI that Ms. Maya had retained counsel and was making a claim against AWT.  Defendant sent Plaintiff two reservation of rights letters on February 5, 2009 and February 19, 2009.  On February 13, 2009, Ms. Maya and her husband ("the Mayas") filed suit against Plaintiff in San Diego County Superior Court for negligence and loss of consortium, respectively. [Notice of Removal, Exibit B.]

### C. The Georgia Lawsuit

Defendant filed a declaratory relief action in Cobb County Superior Court, in the State of

1  Georgia on March 26, 2009.  [Appendix of Exhibits in Support of Motion to Dismiss, Exhibit A.]
2  Specifically, the complaint "seeks a declaration that two insurance policies issued to AWT provide
3  no coverage" in connection with the Maya Litigation, and "that [ASI] may withdraw its defense of
4  AWT in the [Maya Litigation]."[1]  [Id.]  In particular, Defendant ASI asserts there is no coverage
5  for the claims asserted in the Mayas' lawsuit because those claims fall within the policy's
6  pollution exclusion.

III.    Procedural History

On April 16, 2009, approximately three weeks after Defendant brought suit against Plaintiff in Georgia, Plaintiff filed the instant declaratory relief action in San Diego County Superior Court.  Plaintiff's complaint seeks declaratory relief with respect to Defendant's duty to defend and indemnify Plaintiff in the Maya action. [Complaint, ¶¶ 9-14.]  Defendant removed the case to this Court on May 13, 2009. [Doc. No. 1.]

**DISCUSSION**

Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), arguing the forum selection clause contained in the insurance contract renders venue in this Court improper.  Defendant alternatively argues this Court should decline to exercise jurisdiction over this matter based on the doctrine of concurrent jurisdiction, as set out in Colorado River Conservation Dist. v. United States, 424 U.S. 800 (1976).  Because the Court finds the forum selection clause requires dismissal, the Court does not reach Defendant's Colorado River argument.

A.    Legal Standard

A motion to dismiss based on a forum selection clause may properly be treated as a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  Argueta v. Banco Mexicano,

---

[1] At Defendant's request, the Court takes judicial notice of this document.  Fed. R. Evid. 201.  In addition, the Court grants Plaintiff's request that the Court take judicial notice under Fed. R. Evid. 201 of two complaints filed against Defendant by unrelated parties in the San Diego County Superior Court.  With regard to those documents, however, the Court finds Defendant's evidentiary objections to the relevance of paragraphs 4-7 of the Declaration of Mark Collinsworth and the documents themselves to be well-taken.  While Plaintiff has included copies of the documents and states that Defendant did not assert the forum selection clause in response to those lawsuits, Plaintiff makes no attempt to show how this fact is relevant to the issues now before the Court. The Court overrules all of Defendant's remaining evidentiary objections.

1  S.A., 87 F.3d 320, 324 (9th Cir. 1996).  "Analysis under Rule 12(b)(3) . . . permits the district
2  court to consider facts outside of the pleadings, and is consistent with the Supreme Court standard
3  for resolving forum selection clause cases."  Id.
4        Federal law controls the question of whether a diversity action should be dismissed under
5  28 U.S.C. § 1406(a) based upon a forum selection clause.  Manetti-Farrow, Inc. v. Gucci America,
6  Inc., 858 F.2d 509, 513 (9th Cir. 1988).  "Forum selection clauses are *prima facie* valid, and are
7  enforceable absent a strong showing by the party opposing the clause 'that enforcement would be
8  unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'"
9  Id. at 514 (quoting Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)) (modification in
10 original).
11 B.    Whether the Clause Is Mandatory or Permissive
12       As a threshold matter, the parties dispute whether the forum selection clause's language is
13 mandatory or permissive.  A forum selection clause will be enforced only where venue is specified
14 with mandatory language. Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir.
15 1989). If the language of the forum selection clause is non-mandatory, the forum selection clause
16 will not preclude suit elsewhere. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77
17 (9th Cir. 1987).  "To be mandatory, a clause must contain language that clearly designates a forum
18 as the exclusive one."  No. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69
19 F.3d 1034, 1037 (9th Cir. 1995).  "When only jurisdiction is specified, the clause will generally not
20 be enforced without some further language indicating the parties' intent to make jurisdiction
21 exclusive." Docksider, 875 F.2d at 764 (emphasis added).  In such cases, a forum selection clause
22 needs to contain additional language mandating that venue be in a particular place or mandatory
23 language requiring a case be litigated in only one forum. Council of Laborers, 69 F.3d at 1037.
24       In Hunt Wesson Foods, Inc., for example, the forum selection clause stated: "Buyer and
25 Seller expressly agree that ... [t]he courts of California, County of Orange, shall have jurisdiction
26 over the parties in any action at law relating to the subject matter of the interpretation of this
27 contract."  817 F.2d at 76.  The court found the clause was permissive because nothing in the
28 language designated Orange County, California as the *exclusive* jurisdiction for resolution of

disputes arising under the contract. By contrast, in <u>Docksider</u>, the agreement stated "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." The court found the explicit language, specifying Gloucester County, Virginia to be the only proper venue for all actions arising under the agreement, constituted a mandatory forum selection clause.

The forum selection clause in the insurance contract in this case contains language quite similar to the language analyzed and found to be mandatory by the Ninth Circuit in <u>Docksider</u>. The insurance contract in this case states as follows:

> Consent to Jurisdiction.
> By accepting this policy or by presenting a claim which an insured contends is or may be covered under this policy, the Named Insured and any other insured submits themselves to the jurisdiction of the Superior Court of Cobb County, Georgia and agrees that such court shall have jurisdiction and venue for purposes determining all rights and obligations under this agreement.
>
> Any insured expressly consents to the jurisdiction and venue of the Superior Court of Cobb County, Georgia for any "suit" brought to interpret or enforce the provisions of this agreement. By contending that there is or may be coverage under this policy, each insured agrees to accept service of process by any legally recognized method available under Georgia law.

Here, the first paragraph unambiguously states that the Superior Court of Cobb County, George "shall have jurisdiction and venue for purposes of determining *all rights and obligations* under this agreement." Furthermore, the second paragraph states that jurisdiction and venue will be proper in the Superior Court of Cobb County, Georgia for "any 'suit' brought to interpret or enforce the provisions of this agreement." These paragraphs specifically designate a particular court within the State of Georgia to serve as the exclusive appropriate forum for the litigation of any and all rights and obligations arising under the agreement. Thus, the Court concludes the forum selection clause is mandatory and *prima facie* enforceable.

C.     <u>Enforceabilty of the Clause</u>

As discussed above, a party challenging enforcement of a forum selection clause has a "heavy burden of proof" and can avoid enforcement only by "clearly show[ing] that enforcement would be unreasonable and unjust ...." <u>Bremen</u>, 407 U.S. at 15. In evaluating whether enforcement of a forum selection clause would be unjust or unreasonable, the court must consider the following three factors: (1) was the clause included in the agreement as the result of fraud or

1  overreaching; (2) would the party wishing to repudiate the clause be effectively deprived of its day
2  in court if the clause is enforced; and (3) does enforcement of the clause contravene a strong
3  public policy of the state in which suit is brought.  Murphy v. Schneider Nat'l, Inc., 362 F.3d
4  1133, 1140 (9th Cir. 2004) (citing Bremen, 407 U.S. at 12-13).

*1.   Fraud or Overreaching*

Plaintiff argues that the clause is unenforceable because of Defendant's unconscionable conduct.  In particular, Plaintiff argues Defendant "inconspicuously added [the clause] to an insurance policy from which AWT had no real power to walk away."  The Court finds Plaintiff has failed to set forth facts or allegations of fraud or overreaching conduct sufficient to render the forum selection clause in this case unenforceable.

The Ninth Circuit has rejected the proposition that unequal bargaining power between the parties renders a forum selection clause unenforceable.  In Murphy, 362 F.3d at 1141, the court considered Plaintiff's assertion that his employer's insertion of a forum selection clause into his non-negotiated and non-negotiable employment contract rendered such clause unenforceable.  The court rejected Plaintiff's argument, noting that "[t]o decline enforcement of a forum selection merely on the showing of non-negotiability and power difference ... would disrupt the settled expectations of the parties here and would threaten the ability of employers to require that disputes with their employees normally be settled in their neighborhood, absent some other exigency."  Id.

Plaintiff also asserts that the forum selection clause was not contained in the original insurance contract, but instead Defendant slipped in the clause during a subsequent renewal without Plaintiff's knowledge or consent.  Plaintiff argues that when Defendant added the new endorsement containing the Choice of Law/Consent to Jurisdiction Endorsement upon renewal in December of 2003, Defendant did not call the new endorsement to Plaintiff's attention. [Declaration of Michael Weinert in Support of Plaintiff's Opposition ("Weinert Decl."), ¶ 10-11; Declaration of Ernie Torgeson in Support of Plaintiff's Opposition ("Torgeson Decl."), ¶ 6-9.] Instead, Plaintiff argues the endorsement "was merely listed as one of more than forty (40) endorsements to the policy without reference to its title in the policy declarations." [Torgeson Decl., ¶ 9.] Plaintiff states that all renewal notices and invoices were billed and addressed to G.S.

1  Levine in California, the insurance broker Plaintiff retained to procure the initial policy, who in
2  turn billed Plaintiff.  Because Defendant did not give Plaintiff specific notice of the new
3  endorsement, Plaintiff argues it did not and could not have consented to jurisdiction in the state
4  court in Georgia.

5  The courts, however, have never required actual knowledge of a forum selection clause as
6  a prerequisite to enforceability.  In <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585 (1991), the
7  plaintiff brought suit in the U.S. District Court for the Western District of Washington to recover
8  damages for injuries she sustained while she was a passenger onboard a Carnival Cruise ship.
9  Carnival Cruise Lines asserted that the forum selection clause contained in the plaintiff's tickets
10 required the suit to be brought, instead, in the State of Florida.  The Ninth Circuit found the clause
11 was unenforceable because it was not negotiated but instead part of a routine commercial passage
12 contract.  The Supreme Court reversed, finding that the inclusion of the non-negotiated forum
13 selection clause in a form ticket contract was not inherently unreasonable.

14 The form Commercial General Liability policy of insurance which Defendant issued to
15 Plaintiff in 2002 and subsequent years contains on the second page a list of the Endorsements
16 attached to the policy.  [Declaration of Mark Collinsworth in Support of Plaintiff's Opposition,
17 Exhibit A, pp. 3 and 55 (2002 and 2003 policies); Appendix of Exhibits in Support of Motion,
18 Exhibit A, p. 19 (2007 policy).]  A review of the Policy Declarations page from these policies
19 demonstrates that the Endorsements changed, in some regard, annually.  While the Declarations
20 page does not contain a specific list of the new Endorsements, one can readily ascertain any
21 changes by comparing the list to the Endorsements list on the Declarations page from the prior
22 year's policy.

23 Plaintiff does not argue that the Declarations page for the 2004 policy failed to list the new
24 Endorsement, or that Defendant failed to provide the new Policy and Declarations page to
25 Plaintiff's designated agent at G.S. Levine.  Absent such allegations, the Court finds the forum
26 selection clause was <u>not</u> inserted into the insurance policy as a result of fraud or overreaching.
27 ///
28 ///

1      *2.     Would Plaintiff be Deprived of Its Day in Court?*

2      Plaintiff does not argue that it would be deprived of its day in court if the Court enforces
3 the forum selection clause. Instead, Plaintiff argues that it would be "seriously inconvenient" to
4 litigate this action in Georgia. Generally, even when a forum selection clause requires a litigant
5 seek relief in a foreign court, courts have held such requirement does not deprive the litigant of his
6 day in court so as to render the clause unenforceable. Bremen, 407 U.S. at 19 (upholding clause
7 required litigation of claims in London); Argueta, 87 F.3d at 325 (upholding clause required
8 litigation of claims in Mexico); Richards, 135 F.3d at 1296 (upholding clause required litigation of
9 claims in England); Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336 (9th Cir. 1997)
10 (upholding clause requiring litigation of claims in Korea).

11     Plaintiff makes no attempt to demonstrate that financial or other factors would bar it from
12 pursuing its claims against Defendant in Georgia. Compare Murphy, 362 F.3d at 1142 (finding
13 district court erred in enforcing forum selection clause where plaintiff asserted he was financially,
14 and physically, unable to travel from Oregon to Wisconsin to litigate his action).

15     *3.     Public Policy*

16     Plaintiff argues enforcement of the forum selection clause would violate California public
17 policy. Plaintiff argues that under California law, pollution exclusions such as the one asserted by
18 Defendant ASI in an attempt to defeat coverage of the Mayas' claims against AWT, are interpreted
19 in favor of coverage. A forum selection clause may be found to be in contravention of public
20 policy as expressed in a state's laws or judicial decisions. Bremen, 407 U.S. at 15.

21     For example, in Doe 1 v. AOL, LLC, 552 F.3d 1077, 1082-83 (9th Cir. 2009), the Ninth
22 Circuit refused to enforce a forum selection clause contained in an online service provider's
23 member agreement because California courts had previously determined the exact same clause to
24 be contrary to California's public policy allowing consumer class actions. Similarly, in Jones v.
25 GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000), the Ninth Circuit found a forum
26 selection clause, requiring franchisees to litigate all claims arising out of the franchise agreement
27 in another state, to be in express contravention of Cal. Bus. & Prof. Code § 20040.5, which
28 declares such forum selection clauses in franchise agreements to be void.

In its opposition, Plaintiff asserts that "Georgia ... may depart from the policy advanced by California courts in interpreting such pollution exclusions." Without any explanation or elaboration, Plaintiff cites one Georgia state law case, presumably for the proposition that Georgia courts would decide the coverage question differently than a California court.[2] What Plaintiff fails to demonstrate, however, is that the rights and remedies available to it under the laws of the State of California would be unavailable to it under the laws of the State of Georgia. Plaintiff has failed to show that enforcement of the forum selection clause at issue in this case would violate some public policy of the State of California, as expressed by statute or case law.

### *Conclusion*

For the reasons set forth herein, the Court finds the forum selection clause contained in the insurance policy at issue in this case is valid and enforceable, thus requiring Plaintiff to bring this action in the Superior Court of Cobb County, Georgia. Defendant's motion to dismiss is GRANTED.

**IT IS SO ORDERED**.

DATED: August 10, 2009

*[signature: Irma E. Gonzalez]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] Upon review of the one case cited by Plaintiff, Reed v. Auto-Owners Ins. Co., 284 Ga. 286 (2008), the Court cannot conclude that a Georgia law is any different than that of the State of California with regard to interpretation of the type of pollution exclusion at issue in this case.